UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23180-CIV-SEITZ/O'SULLIVAN

CHATEAUBLEAU VILLAS CONDO ASSOC., INC.,

     Plaintiff,

v.

MT. HAWLEY INS.,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the court on the Plaintiff's Motion to Confirm Binding Appraisal Award and for Entitlement to Attorneys' Fees, Costs, and Prejudgment Interest (DE # 34, 1/22/10).  This motion was referred to the undersigned United States Magistrate Judge by the Honorable Patricia A. Seitz, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b).  Having carefully considered the motion, the response, the reply thereto, and sur-reply, the court file and the applicable law, the undersigned recommends that the motion be **DENIED**.

## I. BACKGROUND

The plaintiff, Chateaubleau Villas Condominium Association, Inc., (Chateaubleau) claimed that their property located at 3820-3920 SW 107 th Ave., Miami, FL 33165 was damaged by Hurricane Wilma on October 24, 2005.  Defendant Mt. Hawley Insurance Company's Response to Plaintiff's Motion to Confirm Binding Appraisal Award and for Entitlement to Attorneys' Fees, Costs, and Prejudgment Interest (hereinafter "Defendant's Response") (DE # 36 at 1,3, 2/8/10).  The defendant, Mt. Hawley Insurance Company (Mt. Hawley) inspected the property and subsequently

1

provided Chateaubleau with its estimate of damages.  Id. at 3.  Mt. Hawley invited

Chateaubleau's comment, and paid the claim based on its estimate a few weeks later.

Id.  Chateaubleau hired a public adjuster, Dietz International, who arranged for

reinspection of the property.  Id. at 3; Defendant Mt. Hawley Insurance Company's Sur-

reply to Plaintiff's Motion to Confirm Binding Appraisal Award and for Entitlement to

Attorneys' Fees, Costs, and Prejudgment Interest (hereinafter "Defendant's Sur-reply")

(DE # 43 at 5, 2/26/10).  Dietz and Mt. Hawley conducted discussions regarding the

possible resolution of Chateaubleau's claim.  Id. at 5-6.  Negotiations broke down in

January 2008 when Mt. Hawley received a proof of loss estimate for $500,000 above

the re-inspection estimate.  Id. at 6.  Consequently, Mt. Hawley requested additional

documents from Chateaubleau.   Defendant's Response at 4.

Chateaubleu requested appraisal on April 18, 2008.  Id.  Throughout that spring

and summer, the parties continued a dialogue regarding Chateaubleau providing

documents and an examination under oath to Mt. Hawley.  Id.  Chateaubleau filed suit

on October 6, 2008.  Id.  On February 5, 2009, the parties filed an Agreed Motion to

Abate Case to Proceed to Appraisal, which this Court granted on February 12, 2009.

Plaintiff's Motion to Confirm Binding Appraisal Award and for Entitlement to Attorneys'

Fees, Costs, and Prejudgment Interest (hereinafter "Plaintiff's Motion") (DE # 34 at 2,

1/22/10); Agreed Motion to Abate Case to Proceed to Appraisal (DE # 12, 2/5/09);

Order Granting Agreed Motion to Abate and Closing Case for Administrative Purposes

(DE # 14, 2/12/10).  On December 14, 2009, the neutral umpire found that the

replacement cost value was $905,059.08 and the actual cash value was $769,326.18.

Plaintiff's Motion at 2.  On December 28, 2009, Mt. Hawley's appointed appraiser

signed the umpire's appraisal award, which made it binding on both parties with

2

payment due in thirty days pursuant to the insurance contract.  Defendant's Response at 6.

On January 22, 2010, Mt. Hawley advised Chateaubleau's counsel that a check for the appraisal award should arrive on the next business day, January 25, 2010.  Id. at 7 and Exhibit B-2. Mt. Hawley mailed the check on January 22, 2010.  Id.  On the same day, Chateaubleau filed its Motion to Confirm Binding Appraisal Award and For Entitlement to Attorneys' Fees, Costs, and Prejudgment Interest.  Plaintiff's Motion. Chateaubleau received payment of the appraisal award on January 25, 2010. Defendant's Response at 6 and Exhibit B-3.

The plaintiff, Chateaubleau Villas Condo Association., Inc., argues that this Court should confirm the appraisal award because, "insureds are entitled to recover attorneys' fees, costs, and prejudgment interest where the insurer forces its insured to file suit to recover all benefits owed."  Plaintiff's Motion at 2-3.  The defendant, Mt. Hawley Insurance Company, contends that confirmation of the appraisal award is moot because the motion to confirm the appraisal award was filed after the appraisal award had been timely paid.  Defendant's Response at 7. And, thus, attorneys fees and prejudgment interest should not be awarded because the motion to confirm is moot.  Id. at 8.

### III. DISCUSSION

The two issues before this Court are: 1) whether the plaintiff, Chateaubleau, is entitled to have its binding appraisal award confirmed when the defendant, Mt. Hawley, paid the appraisal award before it was due, thus entitling it to attorneys' fees and costs; and 2) whether the plaintiff is entitled to prejudgment interest.

**A. Plaintiff Is Not Entitled to Confirmation of Appraisal Award, Thus No Fees or Costs**

Attorneys fees are not a statutory right of the insured "whenever a [p]laintiff sues an insurer and money is later paid." Tristar Lodging, Inc. v. Arch Specialty Ins. Co., 434 F. Supp. 2d 1286, 1298 (M.D. Fla. 2006).  Thus, appraisal awards are not confirmed merely because the insurer has paid money to its insured after suit has been filed.  Id. "Florida has recognized a public policy to encourage insurance companies to resolve conflicts and claims quickly and efficiently through alternative dispute resolution avenues such as appraisal."  Id. n.12.  Under Florida law, appraisal awards are not confirmed when the parties have voluntarily participated in an alternative dispute resolution process such as appraisal.  Otherwise, the purpose behind the statutory attorneys fees provision would be undermined.  Federated Nat. Ins. Co. v. Esposito, 937 So. 2d 199, 201-202 (Fla. 4th DCA 2006).  In Esposito, a Florida appellate court reversed the trial court's decision to confirm the insured's appraisal award when the appraisal award had been paid in a timely manner prior to the confirmation of the award.  Id.  The issue facing the appellate court in Esposito is the same as the issue in this case, "whether a court should confirm an appraisal award after it has been paid." Id. at 200.

In Esposito, the court recognized that confirmation of appraisal awards is appropriate when there is a dispute regarding the existence of coverage.  Id. at 201. Motions to confirm appraisal awards have been granted when there is a dispute regarding the existence of liability or when the insurer does not comply with the appraisal process outlined in the insurance contract.  See Travelers Indemnity Insurance Company of Illinois v. Meadows MRI, LLP, 900 So. 2d 676 (Fla. 4th DCA 2005) (insurer disputed the existence of coverage); Wilson v. Federated National Ins.

Co., 969 So. 2d 1133, 1134-35 (Fla. 2d DCA 2007) (insurer initially refused to pay appraisal award and eventually paid appraisal award into escrow); First Floridian Auto & Home Ins. v. Myrick, 969 So. 2d 1121, 1124 (Fla. 1st DCA 2007) (insurer ignored inquiries from public adjuster after tendering check for less than the claim and did not request additional information from the insured); Jerkins v. USF&G Specialty Ins. Co., 982 So. 2d 15, 17-18 (Fla. 5th DCA 2008) (substantial discrepancy between insurer's initial estimate and the appraisal award, apparent bona fide dispute regarding amount of property damage and insureds compliance with the policy).  The cases in which courts have confirmed appraisal awards are consistent with the legislature's intent of providing the insured a right to attorneys fees only when the insurer wrongfully withholds payment.  Tristar Lodging, Inc., 434 F. Supp. 2d at 1298 (citing New York Life Ins. Co. v. Shuster, 373 So. 2d 916 (Fla. 1979); Manufacturers Life Ins. Co. v. Cave, 295 So. 2d 103 (Fla. 1974); The Equitable Life Assurance Society v. Nichols, 84 So. 2d 500 (Fla. 1956)).

Here, the existence of coverage was not disputed.  The parties went through the appraisal process to determine the amount of loss because they could not agree on the amount of Chateaubleau's loss.  Mt. Hawley paid Chateaubleau $130,676.85 before suit was filed and worked with plaintiff's public adjustor prior to going to appraisal.  After the actual cash value appraisal award was determined, Mt. Hawley paid the appraisal award in full before it became due.  Additionally, Mt. Hawley informed Chateaubleau that it could submit receipts if it sought replacement cost value.  Thus, Chateaubleau 's motion to confirm the appraisal award has been rendered moot by Mt. Hawley's timely payment of the appraisal award.  Because the motion to confirm is moot, Chateaubleau is not entitled to attorneys fees or costs from Mt. Hawley.  See Tristar Lodging, Inc., 434

F. Supp. 2d at 1298 ("[T]here is a fundamental due process concern in finding that an insurance company which appropriately pays a valid claim according to the Policy terms must still pay attorney's fees, because a claimant sued it to do what it was already in the process of doing.").  This Court should deny the Plaintiff's Motion to Confirm Binding Appraisal Award and Entitlement to Attorneys' Fees, Costs, and Prejudgment Interest.

## B. Plaintiff Is Not Entitled to Prejudgment Interest

Prejudgment interest begins to accrue on the date that the debt is due.  See Sunshine State Ins. Co. v. Davide, 15 So. 3d 749, 751 (Fla. 3d DCA 2009); Allstate Ins. Co. v. Blanco, 791 So. 2d 515, 517 (Fla. 3d DCA 2001).  In Blanco, the insurer was not liable for prejudgment interest when the insurance policy provided the insurer with sixty days to make payment following the appraisal award and payment was made within that period.  Blanco, 791 So. 2d at 517.  Florida appellate courts have reasoned that an award of prejudgment interest is designed to compensate for the loss of a vested property right.  See id. at 516 (quoting Alvarado v. Rice, 614 So. 2d 498, 499 (Fla. 1993)).  In Blanco, a Florida appellate court applied that rationale to conclude that an appraisal award does not constitute a vested property right on the date of loss, but instead it becomes a vested property right when payment is due.  Id. at 516-517.  Here, payment was due thirty days after Mt. Hawley received the binding appraisal award pursuant to the insurance contract. Mt. Hawley paid the appraisal award in full within thirty days of receiving the binding appraisal award.  Thus, no interest accrued because the debt was paid before it was due.  Therefore, Chateaubleau is not entitled to prejudgment interest.

## IV. RECOMMENDATION

Based on the foregoing Report and Recommendation, the undersigned

respectfully recommends that the Plaintiff's Motion to Confirm Binding Appraisal Award and for Entitlement to Attorneys' Fees, Costs, and Prejudgment Interest (DE # 34, 1/22/10) be **DENIED**.

The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable **Judge Seitz**, United States District Court Judge.   Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); See Also, RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 7th day of July, 2010.  _____

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Seitz
Counsel of record

7