UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-23180-CIV-SEITZ/O'SULLIVAN

CHATEAUBLEAU VILLAS
CONDO ASSOC., INC.,

        Plaintiff,
vs.

MT. HAWLEY INS. CO.,

        Defendant.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO CONFIRM BINDING APPRAISAL AWARD AND DISMISSING CASE

THIS MATTER is before the Court on Plaintiff Chateaubleau Villas Condominium Association, Inc.'s ("Chateaubleau's") Motion To Confirm Binding Appraisal Award And For Entitlement To Fees, Costs And Prejudgment Interest [DE-34]. This case arises out of a claim for property damage caused by Hurricane Wilma pursuant to an insurance policy between Chateaubleau and Defendant Mt. Hawley Insurance Company ("Mt. Hawley"). United States Magistrate Judge John O'Sullivan has entered a Report and Recommendation [DE-46] ("R&R") that Chateaubleau's Motion should be denied, as he concludes that Chateaubleau's request to confirm the appraisal award (and for fees and costs) is moot in light of Defendant Mt. Hawley Insurance Company's ("Mt. Hawley's") timely payment of that award, and its request for prejudgment interest fails because Mt. Hawley paid the appraisal award in a timely fashion.

Chateaubleau does not object to Judge O'Sullivan's finding that Mt. Hawley has tendered the full amount of the appraisal award, but raises the following objections to the remaining

-1-

factual findings and legal conclusions in the R&R[1]: (1) Judge O'Sullivan erroneously found that the existence of coverage was not disputed; (2) Judge O'Sullivan erroneously characterized the Parties' pre-suit discussions following Chateaubleau's appraisal demand as "negotiations" about the fulfillment of post-loss-condition obligations when they actually reflected Mt. Hawley's improper refusal to submit to an appraisal; (3) Judge O'Sullivan incorrectly concluded that Chateaubleau is not entitled to fees or costs because its motion to confirm is moot; (4) the *Esposito* and *Tristar* cases Judge O'Sullivan relies on to conclude Chateaubleau is not entitled to attorneys fees and costs do not apply to this case; and (5) the *Davide* and *Blanco* cases Judge O'Sullivan relies on to conclude Chateaubleau is not entitled to prejudgment interest do not apply to this case. (DE-47, Objections to R&R at pages 1-2).

A brief chronology of the Parties' disagreement, based on facts that Parties do not dispute, is as follows. The damage to Chateaubleau's property occurred on October 24, 2005 and Chateaubleau provided timely notice of the loss. (Objections to R&R at page 2). Mt. Hawley subsequently undertook three separate claims investigations and, as of September of 2007, had issued three payments to Chateaubleau on the claim totaling $130,676.85, which equaled the full amount Chateaubleau requested in a "partial" sworn proof of loss it submitted to Mt. Hawley in August of 2007. (Objections to R&R at 3-4; DE-48 Response to Objections at page 3.).[2] Chateaubleau continued to disagree with Mt. Hawley regarding the total amount of the loss, but

---

[1] For the sake of clarity, the Court has distilled the objections at the front of Chateaubleau's filing and the arguments raised throughout the filing into the five objections listed in this paragraph. All further references to the number of an objection (e.g., "Chateaubleau's second objection") relate back to the identification of the objections in this paragraph.

[2] The last of these three payments was in the amount of $61,559.50 and paid following Chateaubleau's submission of a "partial" sworn proof of loss in the amount of $321,504.46. After deductions for depreciation and deductibles, the total value of the claim was $130,676.85, the amount Mt. Hawley paid as of September 2007.

Mt. Hawley insisted that Chateaubleau submit a complete sworn proof of loss before it would further consider the claim. (Objections to R&R at page 4; DE-48, Response to Objections at page 3). On January 30, 2008, Chateaubleau's adjuster informed Mt. Hawley via e-mail that Chateaubleau's gross claim for damages was now $813,830.03 and that its client demanded appraisal. (Objections to R&R to page 4). However, Mt. Hawley insisted that appraisal was premature until Chateaubleau submitted a complete sworn proof of loss and an examination under oath. (Response to Objections at page 4). Chateaubleau filed this action on October 6, 2008, without having submitted a complete sworn proof of loss or examination under oath, claiming that Mt. Hawley was violating its contractual obligation to proceed to appraisal and pay the full amount of damages under the policy. (DE-1; Response to Objections at page 4).

However, on February 5, 2009, the Parties filed an Agreed Motion To Abate the action in order to conduct an examination under oath and an appraisal pursuant to the terms of the policy. (DE-12). On February 12, 2009, the Court entered an Order [DE-14] granting the Agreed Motion, which found that because Chateaubleau had not yet submitted an examination under oath, "abatement is the proper course for dealing with this prematurely filed litigation." During the appraisal process, Chateaubleau's appraiser submitted a damages claim of $2,173,882.99, which exceeded Chateaubleau's January 2008 claim by $1.3 million. (Response to Objections at page 6). On December 14, 2009, the umpire issued an award finding of an actual cash value of $769,326.18, which became binding on both Parties on December 28, 2009. (Response to Objections at page 6).

On January 25, two days before Mt. Hawley's due date to pay the appraisal award, Chateaubleau received a check from Mt. Hawley in the amount of $516,410.76, representing the

appraisal award, less deductibles and prior payments. (*Id.*). Chateaubleau filed its Motion To Confirm The Appraisal Award the same day. Taking these facts and the remaining record into account, the Court has reviewed *de novo* the Motion, R&R, objections thereto, and pertinent legal authority, and finds that Judge O'Sullivan's factual determinations are not erroneous and he correctly concluded that Chateaubleau is not entitled to fees, costs or prejudgment interest.

### 1. Mt. Hawley Did Not Dispute Existence Of Coverage

Chateaubleau first objects that Judge O'Sullivan erroneously found that Mt. Hawley did not dispute coverage, though nothing in the record demonstrates that Judge O'Sullivan's finding that "the existence of coverage was not disputed" was erroneous. Chateaubleau concedes in the first paragraph of its Motion that before the suit was filed Mt. Hawley paid Chateaubleau $130,676.85 based on Mt. Hawley's estimate of the *covered* damages. (DE-34 at page 1). Chateaubleau also states in its Objections to the R&R that Mt. Hawley conceded "that Chateaubleau suffered a covered loss under the insurance policy." (DE-47 at page 2). The Parties disputed the amount of damages, not whether coverage existed at all. *See Federated Nat'l Ins. Co. v. Esposito*, 937 So. 2d 199 (Fla. 4th DCA 2006) ("no coverage dispute exists" in case where the insured could not "reach an agreement with the insurer on the value of the damages property). Chateaubleau's first objection is overruled.

### 2. Mt. Hawley Did Not Improperly Refuse Appraisal

Second, Chateaubleau objects that what Judge O'Sullivan called a "dialogue [during the spring and summer of 2008] regarding Chateaubleau providing documents and an examination under oath to Mt. Hawley" was actually Chateaubleau's attempt to enforce its right to demand appraisal in opposition to Mt. Hawley's improper refusal of appraisal. However, this Court has

already stated in this case that "the Parties' insurance policy requires, as a condition precedent to appraisal and dispute resolution, that Plaintiff submit to an examination under oath ("EUO") concerning any matter related to the claim." (DE-14, February 13, 2009 Order Granting Agreed Motion To Abate at page 1). This statement is consistent with law cited by *both* Parties in their Agreed Motion to Abate [DE-12 at page 3] holding that an insured subject to a substantially similar policy must meet all of a policy's post-loss obligations before appraisal may be compelled. *United States Fidelity & Guar. Co. v. Romay*, 744 So. 2d 467, 471 (Fla. 3rd DCA 1999) ("No reasonable and thoughtful interpretation of the policy could support compelling appraisal without first complying with the post-loss obligations."); *Jacobs v. Nationwide Mut. Fire Ins. Co.*, 236 F.3d 1282, 1285-86 (11th Cir. 2001) (following *Romay*).[3] Chateaubleau's second objection is overruled.

### 3. The Core Holding of *Tristar* and *Esposito* Indicate That Chateaubleau's Request For Fees Must Be Denied

Next, Chateaubleau claims that Judge O'Sullivan improperly relied on *Federated National Ins. Co. v. Esposito*, 937 So. 2d 199 (Fla. 4th DCA 2006) and *Tristar Lodging, Inc. v. Arch Speciality Ins. Co.*, 434 F. Supp. 2d 1286 (M.D. Fla. 2006) in concluding that Chateaubleau is not entitled to attorneys fees. According to Chateaubleau, *Esposito* is inapposite because the insured filed its suit after the appraisal process had already begun, and *Tristar* is inapposite because the insurer demanded appraisal during litigation, not the insured. However, Chateaubleau is focusing on relatively insignificant distinguishing facts and ignoring the core

---

[3] Chateaubleau's argument that Mt. Hawley somehow waived its right to demand that Mt. Hawley comply with post-loss conditions is wholly unsupported by case law. *See Romay*, 744 So. 2d at 469-470 (holding that insureds had to comply with post-loss conditions to compel appraisal even after insurer "paid each insured's claim").

holding of those cases: an insured is not entitled to attorney's fees pursuant to Fla. Sta. 627.428 "if the insured initiates litigation even though the insurer complies with the terms of the alternative dispute resolution provided for in the insurance contract." *Esposito*, 937 So. 2d at 200-201; *see also*, *Tristar*, 434 F. Supp. 2d at 1298 (Florida law "authorize[s] recovery of attorney's fees from an insurer only when the insurer has *wrongfully* withheld payment of the proceeds of the policy") (emphasis added).

Here, as is stated above, Mt. Hawley was within in its rights under the contract to insist that Chateaubleau comply with all of the loss conditions in the policy before proceeding to appraisal. It conceded the existence of coverage, made three payments to Chateaubleau totalling $130,676.85 over a year before the suit was filed (despite Chateaubleau's failure to comply with the post-loss conditions), and did not "wrongfully" withhold payment by insisting that Chateaubleau comply with post-loss conditions before proceeding to appraisal.[4] The fact that Mt. Hawley ultimately agreed to appraisal in February of 2009, despite Chateaubleau's failure up to that time to either file a complete sworn proof of loss or submit to an EUO, does not by itself show that Chateaubleau had to file suit to force Mt. Hawley to comply with the appraisal process described in the policy. The Court agrees with Judge O'Sullivan's conclusion to deny the request for fees as it will not "fault the insurer for complying with the terms of its insurance contract by participating in the appraisal process and paying in a timely manner." *Esposito*, 937 So. 2d at 201. Accordingly, Chateaubleau's third and fourth objections are overruled.[5]

---

[4] Accordingly, the cases Chateaubleau believes should control are readily distinguishable because none of them involve a fact pattern where the insured failed to comply with the post-loss conditions in the underlying policy.

[5] The Court agrees with Chateaubleau's objection that an insured may be entitled to fees even if a motion to confirm an appraisal award is mooted by the insurer's payment of the entire appraisal award after the onset of litigation, *see The Travelers Indem. Ins. Co. of Ill. v. Meadows MRI, LLP*, 900 So. 2d 676, 678-679 (Fla. 4th DCA

4.  *Davide* and *Blanco* **Apply and Chateaubleau Is Not Entitled To Prejudgment Interest**

Finally, Chateaubleau claims Judge O'Sullivan improperly relied on *Sunshine State Ins. Co. v. Davide*, 15 So. 3d 749 (Fla. 3d DCA 2009) and *Allstate Ins. Co. v. Blanco*, 791 So. 2d 515 (Fla. 3d DCA 2001) in denying prejudgment interest because Mt. Hawley improperly denied liability, thereby waiving its right to rely on the loss payment provision in the policy. Chateaubleau correctly claims that many courts hold that if an insurer denies liability, interest begins to run from the date of the loss, not from the payment date provided in the policy. *Independent Fire Ins. Co. v. Lugassy*, 593 So.2d 570, 572 (Fla. DCA 3d 1992). However, as stated above, Mt. Hawley did not deny coverage or liability, only the amount of damages for which it needed to provide coverage, and this Court has never found that Mt. Hawley breached its obligations under the policy. Under these facts, prejudgment interest only accrues from the date the appraisal award payment is due, *see Davide*, 15 So. 3d at 750-51 (insurer "never denied coverage" but only disputed the amount to be paid to satisfy the claim, and prejudgment interest accrued from date payment on appraisal award is due), and Mt. Hawley paid the full amount of the appraisal award within the policy's time limit. Accordingly, Chateableau's final objection is overruled and it is hereby

ORDERED THAT

(1) Judge O'Sullivan's Report and Recommendation [DE-46] ("R&R") is AFFIRMED and ADOPTED.

---

2005) (fees awarded when insured's "involvement of the formal judicial system was not unnecessary" because it needed to obtain counsel and file an action to ensure proper procedures were followed in lengthy appraisal process). However, because the Court agrees that fees are not available under the facts of this case, it need not address this aspect of Chateaubleau's third objection.

(2) Chateaubleau's Motion To Confirm Binding Appraisal Award And For Entitlement To Fees, Costs And Prejudgment Interest [DE-34] is DENIED.

(3) As the Parties have resolved their dispute through an appraisal process binding on the Parties, the action is DISMISSED and this case is CLOSED.

DONE and ORDERED in Miami, Florida this ____ day of November, 2010.

                                                                                                           _____

PATRICIA A. SEITZ
cc:                                               UNITED STATES DISTRICT JUDGE
Counsel of Record

(2) Chateaubleau's Motion To Confirm Binding Appraisal Award And For Entitlement To Fees, Costs And Prejudgment Interest [DE-34] is DENIED.

(3) As the Parties have resolved their dispute through an appraisal process binding on the Parties, the action is DISMISSED and this case is CLOSED.

DONE and ORDERED in Miami, Florida this 24th day of November, 2010.

                                        PATRICIA A. SEITZ
                                        UNITED STATES DISTRICT JUDGE

cc:
Counsel of Record